**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROICE CRAIG,

     Plaintiff,

                                          **CASE NO.:**

v.

AMAZON.COM, INC., and MIDEA AMERICA
CORP.,

     Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **ROICE CRAIG** ("Plaintiff"), by and through his attorneys, **JOHNSON BECKER, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant, **AMAZON.COM, INC., ("Amazon")** and **MIDEA AMERICA CORP. ("Midea"),** and alleges the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASE**

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by an "Instant Pot Duo" (hereafter generally referred to as "pressure cooker(s) or "subject pressure cooker") marketed, imported, distributed, and sold by Amazon and designed, manufactured, marketed, imported, distributed and/or sold by Midea and Instant Brands, Inc. ("Instant Brands"). Instant Brands is currently engaged bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed. See *In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1].

2. Defendants market, import, distribute, and sell a wide-range of consumer products, including the subject "Instant Pot Duo," which specifically includes the model that is at issue in

1

this case.

3.      Said pressure cookers are advertised as convenient and safe and are touted for their supposed "safety"[1] features, which claim to prevent the units from being opened while in use. Despite these claims of "safety," Defendants marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4.      Specifically, said defects manifest themselves when, despite claims to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. In this case, the lid was able to be rotated, opened, and removed while the pressure cooker retained pressure, causing Plaintiff serious and substantial bodily injuries and damages.

5.      Defendants knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like him.

6.      As a direct and proximate result of Defendants' collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

---

[1] *See generally,* Instant Pot Duo User Manual.  A copy of the User Manual is attached hereto as "Exhibit A."

## PLAINTIFF ROICE CRAIG

7.    Plaintiff is a citizen and resident of the City of Albuquerque, County of Bernalillo, State of New Mexico.

8.    In or around 2017, Plaintiff purchased the subject pressure cooker online from Amazon.com.

9.    On or about July 5, 2022 Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety mechanisms" which purport to keep the consumer safe while using the pressure cooker.

## DEFENDANT AMAZON.COM, INC.

10.    Defendant Amazon markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

11.    Defendant Amazon is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Washington with its headquarters and principal place of business located in Washington. Amazon does business in all 50 states. Amazon is therefore deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

12.    At all times relevant, Amazon substantially participated in the marketing, import, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## MIDEA AMERICA CORP.

13.    Defendant Midea America Corp. designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

14.    Midea America Corp. is, and was at the time of Plaintiff's injuries, a corporation organized and existing under the laws of the State of Florida with its headquarters and principal place of business located in Parsippany, New Jersey, and does business in all 50 states. Midea America Corp. is therefore deemed to be a resident and citizen of both the State of Florida and the State of New Jersey for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

15.    At all times relevant, Midea America Corp. substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiffs' injuries and damages.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

17.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that Plaintiff is a resident of this district and is deemed a citizen of this district for purposes of diversity pursuant to 28 U.S.C. § 1332.

18.    Venue is also proper in this Court pursuant to 28 U.S.C. § 391 because both Defendants Midea and Amazon have sufficient minimum contacts with the State of New Mexico and have intentionally availed themselves of the markets within the State of New Mexico through the promotion, sale, marketing, and distribution of their products.

## FACTUAL ALLEGATIONS

19.    Defendants are engaged in the business of marketing, importing, distributing, and selling a wide range of consumer products, including the subject "Instant Pot Duo Pressure Cooker," which specifically includes the Duo 60 model that is at issue in this case.

20.    Upon information and belief, the subject pressure cooker was designed, manufactured, marketed, imported, distributed, and/or sold by Instant Brands, Inc.

21.    On or about June 12, 2023, Instant Brands filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay was imposed. See *In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1].

22.    The pressure cookers marketed, imported, distributed, and sold by Defendants purport to be designed with "Safety Mechanisms" which purport to eliminate many common errors which may cause harm or spoil food, misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use.

23.    Specifically, according to the User Manual accompanying each individual unit sold, each unit comes equipped with a "float valve" which rises as the cooker heats up and builds pressure, locking the lid in place while under pressure.

24.    By reason of the forgoing acts or omissions, the above-named Plaintiff and his family purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

25.    Plaintiff used the pressure cooker for its intended purpose of preparing meals for himself and/or his family and did so in a manner that was reasonable and foreseeable by the Defendant.

26.     However, the aforementioned pressure cooker was defectively and negligently designed and manufactured in that it failed to properly function as to prevent the lid from being rotated, opened, and removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, his family, and similar consumers in danger while using the pressure cookers.

27.     The subject pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

28.     Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

29.     Defendants knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public.  Nevertheless, Defendants continue to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of the pressure cookers.

30.     As a direct and proximate result of Defendants' concealment of such defects, their failure to warn consumers of such defects, their negligent misrepresentations, and their failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

31.     Consequently, the Plaintiff in this case seeks damages resulting from the use of the subject pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY - DESIGN DEFECT

32.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33.    Defendants are the manufacturers, sellers, distributors, marketers, and suppliers of the subject Pressure Cooker, which was negligently designed.

34.    Defendants failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its Pressure Cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

35.    As a result, the subject Pressure Cookers, including Plaintiff's Pressure Cooker, contain defects in their design which render them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendants. The defect in the design allows consumers such as Plaintiff to open the lid while the unit remains pressurized, despite the appearance that all the pressure has been released from the unit, and causes an unreasonable increased risk of injury, including, but not limited to, first, second and third-degree scald burns.

36.    The Plaintiff in this case used his Pressure Cooker in a reasonably foreseeable manner and did so as substantially intended by Defendants.

37.    The subject Pressure Cooker was not materially altered or modified after being manufactured by Defendants and before being used by Plaintiff.

38.    The design defects allowing the lid to open while the unit was still pressurized directly rendered the Pressure Cookers defective and were the direct and proximate result of Defendants'

negligence and failure to use reasonable care in designing, testing, manufacturing, and promoting the Pressure Cookers.

39.    As a direct and proximate result of Defendants' negligent design of its Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

40.    Despite the fact that Defendants knew or should have known that the Plaintiff and consumers like her were able to remove the lid while the Pressure Cookers were still pressurized, Defendants continued to market its Pressure Cookers to the general public (and continues to do so).

41.    Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of its Pressure Cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## COUNT II
## STRICT LIABILITY - FAILURE TO WARN

42.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully herein.

43.    At the time in which the Pressure Cooker was purchased, up through the time Plaintiff was injured, Defendants knew or had reason to know that its Pressure Cookers were dangerous and created an unreasonable risk of harm to consumers.

44.    Defendants had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its Pressure Cookers likely to be dangerous.

45.    As a direct and proximate result of Defendants' negligent failure to warn of the dangers of their Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

46.    Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendants continued to market its Pressure Cookers to the general public (and continues to do so).

47.    Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of its Pressure Cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

## COUNT III
## <u>NEGLIGENCE</u>

48.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

49.    Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for its intended uses by consumers, such as Plaintiff.

50.    Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

51.    Defendants was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, they:

   a.   Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b.   Placed an unsafe product into the stream of commerce;

   c.   Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

   d.   Were otherwise careless or negligent.

   e.

52.    Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendants continued to market (and continue to do so) its pressure cookers to the general public.

   **WHEREFORE,** Plaintiff demands judgment against Defendants for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as

the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

53.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

54.     At the time Defendants marketed, distributed and sold its pressure cookers to the Plaintiff in this case, Defendants warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

55.     Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

56.     Plaintiff reasonably relied on Defendants' representations that its pressure cookers were a quick, effective and safe means of cooking.

57.     Defendants' pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

58.     Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

59.     Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

**INJURIES & DAMAGES**

60.     As a direct and proximate result of Defendants' collective strict liability, negligence and wrongful conduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

61.     As a direct and proximate result of Defendants' collective strict liability, negligence and wrongful conduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

62.     As a direct and proximate cause of Defendants' strict liability, negligence and wrongful conduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns he suffered from the incident. Plaintiff is entitled to recover damages from Defendants for his past, present and future medical and other expenses in an amount which shall be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, as well as all costs of this action, to the full extent of the law, whether arising under the common law and/or statutory law, including:

      a.  judgment for Plaintiff and against Defendants;

      b.  damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' pressure cookers;

      c.  pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case; and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

Dated: May 16, 2024                    **JOHNSON BECKER, PLLC**

*/s/ Adam J. Kress, Esq.*
Adam J. Kress, Esq. (MN #0397289)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
akress@johnsonbecker.com

***Attorneys for Plaintiff***

13