## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROICE CRAIG,

                    Plaintiff,

        v.

AMAZON.COM, INC.,

                    Defendant.

No. 1:24-cv-00482-MIS-KRS

**ORDER GRANTING UNOPPOSED MOTION FOR PROTECTIVE ORDER**

THIS MATTER is before the Court on the Unopposed Motion For Protective Order ("Motion") filed by Defendant Amazon.com, Inc. (Doc. 42). According to the Motion, Plaintiff Roice Craig and Defendant Amazon.com, Inc. (individually a "Party" and collectively the "Parties") contemplate that discovery will involve information and documents that contain personal medical and financial information, trade secrets, proprietary or competitively sensitive financial and business information, and other private or confidential information. The Parties therefore request entry of stipulated protective order to establish procedures to enable the Parties to obtain discovery of such information and documents; to protect against public disclosure; and to promptly resolve disputes over confidentiality.

Pursuant to Federal Rule of Civil Procedure 26(c) and N.M.L.R.-Civil 26(e), and noting the agreement of the parties, the Court finds good cause for entry of a stipulated protective order. Accordingly, the Court GRANTS the Motion (Doc. 42), and enters the parties' stipulated Protective Order, with certain modifications made by the Court, as follows:

STIPULATED PROTECTIVE ORDER – 1

## STIPULATED PROTECTIVE ORDER

1.    <u>Scope and Application of Protective Order.</u> This Protective Order governs all documents, information, or other material that is designated "Confidential Information" as defined herein, and that is produced in connection with this litigation by any person or entity (the "producing party") to any other person or entity (the "receiving party"), regardless of whether the person or entity producing or receiving the Confidential Information is a party.

2.    <u>Definitions.</u>

    2.1.    <u>Confidential Information</u>. "Confidential Information" means any information that is private, confidential, or proprietary, including the following representative but non-exclusive examples:

- personally identifiable information
- medical records
- taxes and other financial records
- accounting or financial statements (not including publicly available financial statements)
- trade secrets
- commercial, financial, pricing, budgeting, revenue, profit, or accounting information
- information about existing and potential customers
- marketing studies and projections
- business strategies, decisions, or negotiations
- compensation, evaluations, and employment information

STIPULATED PROTECTIVE ORDER – 2

- proprietary information about affiliates, parents, subsidiaries, and third parties with whom the parties have or have had business relationships

- Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in any applicable case law; contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.

- Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

- Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

- Any other information whose disclosure could cause an invasion of privacy or competitive business harm.

A protective order is warranted because Confidential Information derives value from not being publicly known, and public disclosure could lead to serious and unwarranted injury. The Parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

STIPULATED PROTECTIVE ORDER – 3

2.2.   <u>Documents</u>. The term "documents" includes all information or communications in any written or electronic form, regardless of format, and includes visual depictions such as photographs.

3.   <u>Designation of Confidential Information.</u>

3.1.   <u>Good Faith Claims</u>. All claims of confidentiality and objections to those claims must be made under a good faith belief that the information satisfies (or, in the case of objections, does not satisfy) the definition of Confidential Information.

3.2.   <u>Produced Documents</u>. Any party may reasonably designate any document, or portion thereof, containing Confidential Information as "Confidential" by (a) labeling the document to be so designated substantially as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; or (b) notifying the other party in writing or on the record in deposition or in Court that the document should be treated as "Confidential" pursuant to this Order.

The label shall not obliterate or obscure the contents. If a document containing Confidential Information is produced in native format, the file name shall contain the term "Confidential Information" or otherwise clearly indicate that it contains information subject to this Order. If any person or party makes copies of documents designated as containing Confidential Information, each copy must be marked as containing Confidential Information in the same form as the original document.

A party producing documents that are stored on data storage devices shall designate the data storage device as containing Confidential Information, by labeling the data storage

device and files as described above. If the receiving party or other persons or entities to whom disclosure is authorized under this order make a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each copy as containing Confidential Information in the same form as the notice on the original data storage device. If the receiving party or other authorized person prints or makes copies of the documents stored on such data storage device, each page must be copied with the label specified in this section.

The Parties agree to provide adequate security to protect data produced by the other party or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Protective Order will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

3.3.    Interrogatory Answers. If a party answering an interrogatory believes that its answer contains Confidential Information, it shall answer in a separate document that is designated as Confidential Information. The answers to interrogatories not containing Confidential Information should make reference to the separately produced document containing the answers designated as Confidential, but such document should not be attached to the interrogatories.

STIPULATED PROTECTIVE ORDER – 5

3.4.    <u>Inspections of Documents</u>. If the parties inspect documents rather than produce copies, no designation of Confidential Information needs to be made before the inspection. The party making documents available for inspection may designate categories of documents that contain Confidential Information, and the information contained in those documents shall be considered Confidential Information under this Order. If the inspecting party selects documents to be copied, the producing party shall designate Confidential Information when the copies are produced.

3.5.    <u>Deposition Transcripts</u>. No person except those permitted access to Confidential Information by this Order can attend depositions when Confidential Information is disclosed. Within 30 days after receiving a deposition transcript, a party may inform the other parties if the transcript or portions of it are designated as Confidential Information. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. If a party indicates at a deposition that the Confidential Information has been disclosed in the deposition, the transcript in its entirety shall be treated as Confidential Information for the 30 days. All persons and parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information.

3.6.    <u>Multipage Documents</u>. A party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.2 on the first

STIPULATED PROTECTIVE ORDER – 6

page of the document. If a party wishes to designate only certain portions of an integrated, multipage document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the labels specified in subparagraph 3.2 on each page of the document containing Confidential Information.

        3.7    <u>Designation Changes</u>. A producing party may change the confidentiality designation of materials it has produced, as follows: (1) the producing party must give the receiving parties notice of the change by identifying the documents or information at issue. Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation; (2) within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation; (3) if such information has been disclosed to persons not qualified pursuant to either paragraph 12 or 13 below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is Confidential; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

        4.    <u>Designations by Another Party.</u>

        4.1.    <u>Notification of Designation</u>. If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate

STIPULATED PROTECTIVE ORDER – 7

the document as Confidential Information by notifying all parties in writing within 30 days of service of the document.

      4.2.  <u>Return of Documents</u>. Whenever a party other than the producing party designates a document as Confidential Information under subparagraph 4.1, each party receiving the document shall either add the Confidential Information designation or substitute a copy of the document bearing such designation for each copy of the document produced by the producing party. Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party.

    5.  <u>Objections and Challenges to Designations</u>.

      5.1.  <u>Notice of Objection</u>. Any party objecting to a designation of Confidential Information, including objections to portions of designations of multipage documents, shall notify the designating party and all other parties of the objection in writing within 30 days of receiving the designation or, if a document is first produced fewer than 30 days before trial, within half of the time remaining before trial. This notice must identify each document that the objecting party in good faith believes should not be designated as Confidential Information and provide a brief statement of the grounds for such belief.

      5.2.  <u>Conference Regarding Objection</u>. The parties with an interest in resolution of the objection shall confer within 14 days after such objection to attempt to resolve their differences unless the parties agree to a longer time. If the parties cannot resolve their differences, the objecting party shall have 14 days after the conference to file a motion to remove the Confidential Information designation.

STIPULATED PROTECTIVE ORDER – 8

5.3.    <u>Treatment after Objection Is Raised.</u> All documents, information and other materials initially designated as Confidential Information shall be treated as Confidential Information in accordance with this Order unless and until the Court rules otherwise. If the Court rules that a Confidential Information designation should not be maintained as to a particular document, the producing party shall, upon written request by a party, provide that party a copy of that document without the Confidential Information designation.

5.4    <u>Challenges to the Designation of Confidential Material</u>. Any party or interested member of the public may move the Court to modify the designation of any documents or information produced in this litigation (either to include additional protection with respect to or to remove a confidential designation). Before making such a motion, the party or an interested member of the public shall first attempt to resolve such dispute with the producing party's counsel. Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court. The burden shall be on the party seeking to modify the designation to show that the producing party's designation is inappropriate.

6.    <u>Custody.</u>  All Confidential Information and all copies, extracts, and summaries thereof, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

7.    <u>Handling of Confidential Information Before Trial</u>.

7.1.    <u>Authorized Disclosures</u>. Confidential Information shall be disclosed by the receiving party only to the following persons:

STIPULATED PROTECTIVE ORDER – 9

a.   Counsel for the parties, including their associates, clerks, paralegals, and secretarial personnel;

b.   Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

c.   Deposition and trial witnesses;

d.   Experts and their staff who are consulted by counsel for a party in this litigation;

e.   Parties and their employees and insurers with a discernible need to know;

f.   In-house counsel and paralegals;

g.   Vendors employed by counsel for copying, scanning, and handling of documents and data; and

h.   The Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation. Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

STIPULATED PROTECTIVE ORDER – 10

7.2.    <u>Acknowledgement of Protective Order</u>. Confidential Information may not be disclosed to persons under subparagraphs 7.1(c) or 7.1(d) until the receiving party has obtained a written acknowledgment from such person, in the form in Appendix A, that he or she has received a copy of this Order and has agreed to be bound by it. A party who discloses Confidential Information in accordance with subparagraphs 7.1(c) or 7.1(d) shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information, and shall furnish the written acknowledgements and disclosure list to the Court for *in camera* review upon its request. Furnishing the written acknowledgements and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

7.3.    <u>Disclosure to Competitors</u>. Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation. If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

Before disclosing Confidential Information to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least 14 days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and

STIPULATED PROTECTIVE ORDER – 11

identifying with particularity the documents to be disclosed. If, within the 14-day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized until the Court orders otherwise. For purposes of this Order, "competitor" means any person or entity that operates any online or physical marketplace or retail business with more than 1,000 employees.

       7.4.   <u>Unauthorized Disclosures</u>. All persons receiving Confidential Information under the terms of this Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Confidential Information. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to retrieve the Confidential Information and to prevent further disclosure. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

       7.5.   <u>Court Filings</u>. The parties acknowledge that this Order does not entitle them to seal all Confidential Information filed with the Court. In the event a party seeks to file any document containing Confidential Information with the Court, that party must seek leave to file the document containing Confidential Information or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document containing Confidential Information as a separate sealed exhibit before a sealing order is

STIPULATED PROTECTIVE ORDER – 12

obtained, and must also file contemporaneously with that filing a redacted version of the document on the public docket, which may include, when necessary, slip pages appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing. The filing party must also contemporaneously file a motion for leave to file the document under seal, identifying the Confidential Information contained in the document, the party that has designated the material as confidential ("the designating party"), and whether the sealing motion is opposed or unopposed. If a motion for leave to file under seal is opposed, the opposing party shall file a response to the motion within seven days of the filing of the motion to file under seal. The Court will rule on the contested sealing motion without further briefing unless the filing party obtains leave of court to file a reply. The motion for leave to file the document under seal must also include an explanation why the document is sealable. If the party filing the document containing Confidential Information is not the designating party, the filer should obtain an explanation for why the document is sealable from the designating party and include that in the motion for leave to file under seal. If the designating party does not provide an explanation in time for it to be included in the motion for leave to file under seal, the designating party must file a separate notice with the explanation within three business days of the motion for leave to file under seal being filed. Failure of the designating party to provide a timely explanation for why the document is sealable may result in the Court denying the motion for leave to file under seal and ordering that the sealed filing be unsealed.

STIPULATED PROTECTIVE ORDER – 13

The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least seven (7) days advance notice to the producing party of the intent to use the Confidential Material so that the producing party may seek an appropriate Court Order to protect the Confidential Material.

7.6.    <u>Highly Confidential—Attorneys' Eyes Only Material</u>. Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action.

7.7.    <u>Withholding of Information</u>.

7.7.1.    <u>Redaction</u>. The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people. Redactions may not be made based solely on an objection as to relevancy. Privilege redactions will state, over the redacted portion, "Redacted–

STIPULATED PROTECTIVE ORDER – 14

Privileged," and all other redactions will state, "Redacted–Nonresponsive." Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed. The parties will produce redacted documents in TIFF format (or searchable PDF if production format dictates; or in native format for file types that do not convert well to TIFF/PDF, such as Excel files) with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

       7.8    <u>Persons Receiving Confidential Information Must Sign Appendix A:</u> Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel shall also require such persons to execute the Affidavit attached as **Appendix A**, prior to the disclosure of Confidential Material.

       8.    <u>Care in Storage</u>. All persons having Confidential Information shall exercise reasonable care to protect against inadvertent disclosure, disclosure to unauthorized persons, and theft or hacking.

       9.    <u>Handling during Trial</u>. Confidential Information that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions imposed by the Court.

STIPULATED PROTECTIVE ORDER – 15

10.    <u>No Implied Waivers</u>. The entry of this Order shall not be interpreted as a waiver of the right to object to the furnishing of information or documents in response to discovery requests or to object to a requested inspection of documents or facilities. Nor is production of any document or information under this Order an admission that it is admissible in evidence.

11.    <u>Inadvertent Failure to Designate as Confidential</u>. The inadvertent failure to designate any information as Confidential does not waive a party's claim of confidentiality. In the event of disclosure of such information, the information shall be designated as Confidential Information by the party as soon as reasonably possible after learning of the disclosure and such information shall thereafter be treated as Confidential Information subject to this Order. No liability shall attach to any party's use or disclosure of such information from the time of receipt until the party properly designates it as Confidential Information.

12.    <u>Inadvertent Disclosure of Privileged Documents or Information.</u> The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order is entered pursuant to and invokes the maximum protections allowed under Federal Rule of Evidence 502(d) -with regard to privileged material. The inadvertent disclosure of privileged material shall be governed by this Order. If a producing party unintentionally produces privileged material in connection with this litigation and thereafter claims that such information is protected by any privilege or attorney work product protection ("Disclosed Protected Information"), subject to the terms of this Order, the disclosure of said

STIPULATED PROTECTIVE ORDER – 16

information shall not alone constitute, or be deemed a waiver or forfeiture of, any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

A party who determines that it may have received potentially privileged documents or information shall immediately notify the producing party. Then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The Parties shall meet and confer regarding any clawback request.

13.  <u>Parties' Own Documents</u>. This Order does not restrict the parties in their use or disclosure of their own documents and information.

STIPULATED PROTECTIVE ORDER – 17

14.    <u>Motion to Compel Production of Confidential Information</u>. If any third party moves to compel production of Confidential Information, the party subject to such motion shall immediately notify the parties who originally produced or designated the Confidential Information to allow them an opportunity to oppose the motion. In addition, if a party is ordered to produce Confidential Information covered by this Order, notice and, if available, a copy of the order compelling disclosure, shall immediately be given to the parties who originally produced or designated such Confidential Information. Nothing in this Order requires the party who is ordered to produce such Confidential Information to challenge or appeal such an order.

15.    <u>Procedure If Confidential Information is Required to be Produced</u>. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated

STIPULATED PROTECTIVE ORDER – 18

the material as Confidential Material. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

16.    <u>Application of this Order to Productions by Third Parties</u>. This Order may be used by third parties producing documents in connection with this action. Third parties may designate information as Confidential or Highly Confidential – Attorneys' Eyes Only.

If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material after the parties confer.

In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential

Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

17.    <u>No Effect on Other Rights</u>. This Order does not abrogate or affect any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

18.    <u>Handling upon Conclusion of Litigation</u>. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. All parties, counsel, and persons to whom disclosure was made shall promptly destroy all Confidential Information, including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee, to the designating party within 90 days of the conclusion of litigation upon the request of the producing party, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs. Counsel shall certify in writing that all such Confidential Information has been destroyed. Counsel for each party also shall contact each person to whom that party has provided a copy of any Confidential Information and request the documents be destroyed. The receiving party shall submit a written certification to the producing party by the 90-day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any copies of Confidential Materials provided to persons required to execute Affidavit A, and (2) affirms the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material.  Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, deposition exhibits, and work-product.

STIPULATED PROTECTIVE ORDER – 20

19.    <u>Modification</u>: This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

20.    <u>Violation of this Agreement</u>.  Any party who violates the terms of this Protective Order shall be liable for any damages caused to the Producing Party by such violation.  In addition to money damages, a party whose rights under this Protective Order have been violated may pursue injunctive relief and/or sanctions from the Court.

IT IS SO ORDERED this 7th day of April, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER – 21

Respectfully submitted by:

s/ *Adam J. Kress*
*Attorneys for Plaintiff*
*Johnson Becker, PLLC*
*444 Cedar Street, Suite 1800*
*Saint Paul, MN 5510*
*akress@johnsonbecker.com*


s/ *Abigail R. Wolberg*
*Attorneys for Amazon.com Inc.*
*Lewis Brisbois Bisgaard & Smith, LLP*
*8801 Horizon Blvd. NE, Suite 300*
*Albuquerque, New Mexico 87113*
*abigail.wolberg@lewisbrisbois.com*

STIPULATED PROTECTIVE ORDER – 22

## APPENDIX A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the District of New Mexico on

_____ in the case of *Roice Craig v Amazon.com, Inc.,* 1:24-cv-00482-MIS-KRS. I agree

to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of New Mexico  for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER – 23